**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | : |
| ALMACENES RIVIERA, INC. | :     Case No. 02-10788 (SEK) |
|        Debtor | : |
| | : |
| WILFREDO SEGARRA MIRANDA CHAPTER 7 TRUSTEE | :     Chapter 7 |
|        Plaintiff | : |
| v. | : |
| MEISY A PEREZ PADRON, MARIA P CORDERA, JOSE P CORDERA, JR., ALDO GONZALEZ ALVAREZ, HELEN QUEZADA BRAVO JUAN HERNANDEZ | :     Adv. No. 05-00186 (BKT) |
|        Defendants | : |

FILED & ENTERED
JUN 29 2007
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

On January 29, 2007, Plaintiff's request for entry of default against defendant, Jose P. Cordera (Dkt. No. 154) was granted by this Court. Subsequently, Defendant filed a motion for relief from default (Dkt. No. 169, 171) under Fed R. Civ. Proc. 60 and 55(c), pursuant to Bankruptcy Rule 7055. The Federal Rules of Civil Procedure were enacted by Congress to "secure just, speedy, and inexpensive determination of every action," Fed. R. Civ. Proc. 1. While Defendant's untimely Answer to Plaintiff's third amended complaint is not to be commended in light of the aims of the Federal Rules, this Court may nevertheless set aside the entry of default "for good cause shown." Fed. R. Civ. Proc. 55(c).

Traditional good cause considerations include prejudice, willfulness and meritorious defense, however the courts have not "set forth any precise formula [for the good cause analysis], because we recognize that each case must necessarily turn on its own unique circumstances." KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).  Furthermore, the standard applicable when setting aside a non-final default judgment is "the more liberal 'good cause' standard," Federal Deposit Ins. Corp. v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir. 1989) (citing 7 J. Moore & J. Lucas, Moore's Federal Practice, para. 60.20 (1987)).

Under the facts of this case, Defendant Cordera and his attorney have alleged difficulty in keeping up with the litigation process, i.e., counsel's demanding calendar, the holidays, and military duty.  As noted, Defendant was included in this action upon the first amended complaint, when the litigation had already progressed in his absence (Dkt. No. 169).  Additionally, Defendant asserts that Plaintiff's third amended complaint added new causes of action and allegations that substantially challenged Defendant's ability to answer the complaint in a timely manner. (Dkt. No. 169).  While Defendant's failure to answer or timely motion for an extension demonstrates carelessness, this Court finds no prejudice in granting Defendant relief and permitting the late filing of its answer, which has already been filed with this Court.  Under a liberal standard, good cause has been shown and Plaintiff provides no other opposition other than the fact that Defendant's answer is over 60 days late.  Equitable concerns and principles of due process favor relief from entry of default and a decision on the merits.  See FDIC v. Francisco Inv. Corp., 873 F.2d 474, 478-479 (1st Cir. 1989) (while defendant was culpable, a meritorious defense

and lack of prejudice to the plaintiff required relief); <u>Lucerne Farms v. Baling Techs., Inc.</u>, 208 F.R.D. 463, 465-467 (D. Me. 2002) (default entered for failure to answer in timely fashion was set aside due to defendant's attorney's carelessness where there was no suggestion that the failure was willful or in bad faith).

Based on the foregoing, Defendant's Motion for Relief from Order (Dkt. No. 169) and Amended Motion for Relief from Order (Dkt. No. 171) are hereby GRANTED.

SO ORDERED.

In San Juan, Puerto Rico, this 29th day of June, 2007.

Brian K. Tester
U.S. Bankruptcy Judge