IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ALMACENES RIVIERA INC

                Debtor(s)

WILFREDO  SEGARRA MIRANDA

                Plaintiff

MEISY A PEREZ PADRON
MARIA P CORDERA
JOSE P CORDERA JR
ALDO GONZALEZ ALVAREZ
HELEN QUEZADA BRAVO
JUAN HERNANDEZ


                Defendant(s)

CASE NO. 02-10788 SEK

CHAPTER 7

ADVERSARY NO. 05-00186 BKT




FILED & ENTERED ON 06/29/2007

**OPINION AND ORDER**

Before the Court are plaintiff/trustee's motion for summary judgment, counterclaimants' opposition and counter motion for summary judgment, and plaintiff/trustee's opposition to counterclaimaints' counter motion for summary judgment.  For the reasons set forth below, plaintiff/trustee's motion for summary judgment is granted.

Background and Facts

On June 14, 2006, plaintiff/trustee ("Trustee") motioned this Court for Summary Judgment and dismissal of the counterclaim (Dkt. No. 119) made by co-defendants Meisy Perez Padron, Aldo Gonzalez Alvarez, and Helen Quezada Bravo ("Counterclaimaints"), alleging in part that Trustee intentionally or negligently failed to accept or negotiate an offer made by Mr. Ernesto Sanchez ("Sanchez Offer") to purchase a commercial property located at de Diego 101, Rio Piedras. Counterclaimants allege that Trustee's refusal to negotiate or accept the Sanchez Offer was a breach

of his fiduciary duties imposed by 11 U.S.C. § 704(a)(1), as a Chapter 7 trustee (Dkt. No. 184, par. 8, 11).

Trustee explained his reasoning to reject the Sanchez Offer at a hearing held on December 9, 2004. None of the Counterclaimants filed an objection in opposition to the Trustee's rejection of the Sanchez Offer, nor did any of them appear at the hearing. Following the December 9, 2004 hearing, this Court issued an order in the legal case (02-10788) denying the Sanchez Offer based on the testimony of the trustee (Dkt. No. 361). Trustee now moves for summary judgment against the counterclaim on the basis that he is immune from liability where there is a final and unappealable order from the court.

Summary Judgment Standard and Discussion

While the Trustee carries the "initial responsibility" of supporting his motion for summary judgment, he possesses no requirement to negate Counterclaimants opposition where no material facts are alleged which create a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover,

> "When a motion for summary judgment is made and supported… an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

477 U.S. at 322 (quoting Fed. R. Civ. P. 56(e)); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("The movant has the burden of showing that there is no genuine issue of fact, but the [opposing party] is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict").

Trustee correctly asserts that a trustee acting with the approval of a bankruptcy court is entitled to absolute immunity where there has been full disclosure to creditors and the court. In re San Juan Hotel Corp., 847 F.2d 931, 940 (1st Cir. 1988) ("Once there has been 'candid disclosure' to the court and creditors, and the court approves the action, the trustee will be immunized from personal liability") (citing Mosser v. Farrow, 341 U.S. 267, 274 (1951)). As already mentioned, Trustee appeared before this Court and provided reasons why, in his opinion, it was not wise to accept the Sanchez Offer. Not only was this within Trustee's discretion, but the affirming court order granted him absolute immunity absent a finding of bad faith or insufficient disclosure. To date, the Counterclaimants have not alleged fraud, concealment, non-disclosure or any other manifestation of bad faith that would place the court order and the trustee's immunity in question. In re Mailman Steam Carpet Cleaning Co., at 24 ("As long as [the trustee] makes the decision in good faith and reveals the substance of what he knows, no more is exigible"). Despite Counterclaimants' plea, negligence does not amount to a legal agent capable of penetrating the court-granted immunity. Furthermore, Counterclaimants' failure to appear at the hearing and/or file an objection to the trustee's rejection of the Sanchez Offer, severely undermines Counterclaimants' position that the trustee should be held liable to them for any logical results of said decision.

It is the view of this Court that the Trustee has carried his burden in moving for summary judgment. Conversely, Counterclaimants have not put forth any "specific facts" which create a genuine issue for trial. Fed. R. Civ. P. 56(e). Even in viewing the facts most favorable to Counterclaimaints, there are no allegations on the record of misconduct by the trustee that would legally threaten his court-granted immunity on this matter.

Conclusion

Based on the foregoing, this Court grants Trustee's motion for entry of summary judgment against Counterclaimants (Dkt. No. 119) and denies Counterclaimants' counter motions for summary judgment (Dkt. No. 183 & 184), and dismisses the counterclaim as a matter of law.

SO ORDERED.

San Juan, Puerto Rico, this 29 day of June, 2007.

**Brian K. Tester**
**U.S. Bankruptcy Judge**